Filed 2/24/23  P. v. Connor CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMISON MITCHELL CONNOR,<br><br>    Defendant and Appellant. | D079346<br><br><br>(Super. Ct. No. SCN408029) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Judgment affirmed, sentence vacated and remanded for resentencing.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Paige Hazard and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Jamison Mitchell Connor appeals his prison sentence of 28 years, and asks us to remand for resentencing because his non-final sentence fails to comply with ameliorative changes to sentencing laws effected by Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1) (Assembly Bill 518) and Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567). He also requests the benefit of Senate Bill No. 81 (Stats. 2021, ch. 721, § 1) (Senate Bill 81). We shall remand for resentencing due to error under Assembly Bill 518.

At the time of Connor's sentencing in June 2021, former Penal Code[1] section 654, subdivision (a), required a defendant who committed an act punishable by two or more provisions of law be punished under the provision that provided for the longest possible term. As amended by Assembly Bill 518, section 654 now gives the trial court discretion to impose and execute the sentence of any term, including the shorter rather than the longest sentence. Because we see no clear indication the trial court would have imposed the same sentence even if it had been aware that it had such discretion under amended section 654, remand is warranted.

We find it unnecessary to address the merits of Connor's claims under Senate Bill 567 and Senate Bill 81 because the trial court, when it fully resentences Connor, will be required to make all sentencing decisions in accordance with current sentencing law. We vacate Connor's sentence and remand the matter for resentencing. In all other respects, the judgment is affirmed.

---

[1] All further undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

*Conviction Offenses*

On the morning of November 23, 2019, Connor struck and killed a bicyclist with his car. He fled the scene and drove his car to a friend's house and covered it up with a tarp; this was all captured on video by a neighborhood surveillance camera. Police later found the severely damaged car two miles from the fatal accident scene. The car had blood and tissue on the hood and windshield, and in it were two prescription drug bottles, a baggie of methamphetamine, and an empty vodka bottle.

Five days later, at 8:27 a.m. on November 28, 2019, police attempted to stop Connor who was driving a truck with a large crack across the windshield. He knew he was wanted by the police. Despite the activated sirens on the marked patrol car, Connor continued to drive until he was forced to stop by another officer who drove a patrol car across Connor's path and blocked him. Connor was determined to be driving under the influence of alcohol and methamphetamine. His four-year-old son was riding in the middle seat unrestrained, and within reach of a useable amount of methamphetamine and a loaded gun with three rounds of ammunition inside the magazine. The gun also had one round in the chamber and the safety was disengaged. The adult passenger in Connor's car was also intoxicated.

On May 14, 2021, Connor pled guilty to vehicular manslaughter (Pen. Code, § 192, subd. (c)(1); count 1) and hit and run with death (Veh. Code, § 20001, subd. (b)(2); count 2), arising from the November 23, 2019 fatal car accident. He also admitted he unlawfully fled the scene (Veh. Code, § 20001, subd. (c)) and he had suffered a strike prior (Pen. Code, §§ 667, subds. (a)(1), (b)–(i), 668, 1170.12, & 1192.7, subd. (c)).

3

On May 20, 2021, a jury convicted Connor of child abuse (Pen. Code, § 273a, subd. (a); count 3), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 4), having a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(1); count 5), possession of ammunition by a felon (Pen. Code, § 30305, subd. (a)(1); count 6), being under the influence of a controlled substance with a firearm (Health & Saf. Code, § 11550, subd. (e); count 7), possession of a firearm while also in possession of a controlled substance (Health & Saf. Code, § 11370.1, subd. (a); count 8), and driving under the influence of alcohol and drugs (Veh. Code, § 23152, subd. (g); count 9), arising from the November 28, 2019 traffic stop. The jury found true the allegation attached to count 5 that Connor had been previously convicted of a felony (Pen. Code, § 25400, subd. (c)(1)).

## II.

### *Sentencing*

Connor was sentenced on June 21, 2021.

The trial court heard and denied Connor's *Romero*[2] motion to strike his 2018 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) under section 1385. The court found Connor was on parole for that strike prior at the time of the charged offenses and so it was not remote in time; his "lengthy criminal history" goes back two decades and his crimes were increasing in severity; he has a history of violence; and he "clearly" did not successfully complete probation or parole.

The trial court then imposed a total sentence of 28 years in prison and six months in county jail, consisting of the following:

---

[2]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

On count 1, the court selected the upper term of six years, doubled it to 12 years for the strike prior, and added five years consecutive for the enhancement under Vehicle Code section 20001, subdivision (c), for a total of 17 years in prison.

On count 2, the court imposed the upper term of four years and doubled it to eight years for the strike prior and stayed the term pursuant to section 654.

On counts 3, 6, and 8, the court imposed one-third the midterm doubled for the strike prior, resulting in terms of two years eight months on count 3, one year four months on count 6, and two years on count 8, for a total of six years consecutive.

On counts 4, 5, and 7, the court selected the upper terms of three years, doubled to six years for the strike prior but stayed each of those terms pursuant to section 654.[3]

Last, the court imposed an additional five years for the strike prior, as Connor was also convicted of a serious felony in the instant case (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)), and six months county jail for the misdemeanor driving under the influence in count 9.

In selecting the upper terms on counts 1, 4, 5, and 7, the trial court found numerous factors in aggravation and none in mitigation, including: Connor's prior convictions as an adult are numerous and of increasing seriousness; his criminal history dates back to 1997; he has a strike offense, "which was [also an] assault on his girlfriend using a vehicle"; he has served

---

[3]     When Connor was sentenced on June 21, 2021, the trial court did not stay counts 4 and 7.  On July 20, 2021, the court recalled the sentence pursuant to section 1170, subdivision (d)(1), to stay counts 4 and 7 pursuant to section 654.

5

multiple state prison terms and local prison terms; he was on parole when he committed the charged crimes; his prior performance was unsatisfactory "throughout his criminal history."  Consistent with the sentencing law in effect at the time, none of these aggravating factors were proven beyond a reasonable doubt nor stipulated to by Connor—except his stipulation to his felony conviction and the jury's true finding on the allegation attached to count 5 that Connor had previously been convicted of a felony.

DISCUSSION

I.

*Remand Is Warranted Due to Error Under Assembly Bill 518*

As noted, Connor pled guilty to vehicular manslaughter and admitted the enhancement that he fled the scene of the accident within the meaning of Vehicle Code section 20001, subdivision (c) (enhancement), as charged in count 1.  He also pled guilty to hit and run with a death in violation of Vehicle Code section 20001, subdivision (b)(2), as charged in count 2.

The enhancement carried a mandatory consecutive sentence of five years in state prison.  Thus, the court imposed the upper term of six years, doubled it to 12 years for the strike prior, and added five years consecutive for the enhancement, for a total of 17 years in prison on count 1.  On count 2, the court imposed the upper term of four years and doubled it to eight years for the strike prior but stayed the term pursuant to section 654.

At the time of Connor's sentencing, former section 654, subdivision (a), provided that a defendant who committed an act "punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment."  (Stats. 1997, ch. 410, § 1.)  In other words, the sentencing court was required to impose the longer sentence and stay execution of the shorter term.  (*People v. Mani*

6

(2022) 74 Cal.App.5th 343, 379 (*Mani*); *People v. Jones* (2022) 79 Cal.App.5th 37, 45–46 (*Jones*).)

Because the trial court determined the enhancement and count 2 involved "identical" conduct, it properly concluded section 654 barred double punishment. Under then-existing law, the trial court also properly concluded former section 654 required the court to impose the longer sentence of 17 years on count 1 and stay execution of the shorter term of eight years on count 2.

Effective January 1, 2022, Assembly Bill 518 amended section 654 to provide, in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (Stats. 2021, ch. 441, § 1.) "As amended by Assembly Bill 518, . . . section 654 now provides the trial court with discretion to impose and execute the sentence of *either term*, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Mani, supra,* 74 Cal.App.5th at p. 379, italics added.)

The People properly concede Assembly Bill 518 applies retroactively to Connor's non-final judgment under the rule of *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*). We agree. (See *People v. Sek* (2022) 74 Cal.App.5th 657, 673 [holding Assembly Bill 518 applies retroactively to defendants whose convictions were not yet final on the law's effective date of January 1, 2022]; *Mani, supra,* 74 Cal.App.5th at pp. 379–380 [same].) We disagree, however, with the People's contention that remand is unnecessary because the trial court would *not* have exercised its discretion under amended section 654 to impose the shorter term on count 2 and stay the longer sentence on count 1.

7

Ordinarily, remand is the appropriate course when retroactive changes in law affect the sentencing court's discretion. This is so because " '[d]efendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391), and " 'a court that is unaware of its discretionary authority cannot exercise its informed discretion' " (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 (*McDaniels*)). An exception to this requirement exists, however, in the circumstance where "the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, at p. 1391.) When " ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' " (*McDaniels*, at p. 425.)

Here, the trial court concluded its sentencing by telling Connor:

> "So Mr. Connor, you've shown an extreme callousness towards human life here. And you've had ample opportunities to deal with your drug problems which led to this and you didn't. And that end result is that a human being is dead, and it will affect his friends and family and loved ones for the rest of their lives. And it's all because of your actions. No one else's. [¶] On top of that, you put your own child in danger of great bodily injury. You've been extremely selfish in this, and *you deserve this sentence*." (Italics added.)

Capitalizing on that single phrase—"*you deserve this sentence*" (italics added)—the People argue the court "structured [Connor's] sentence [as it did] because it believed he *deserved* a long prison sentence, not because it was solely restricted by the former version of section 654." Thus, the People contend "remand is unnecessary as there is not a possibility the trial court would alter its sentencing decision."

8

We disagree with the People's attempt to recast the trial court's comment. The trial court did not say "he deserved *a long prison sentence.*" (Italics added, original italics omitted.) Nor can we agree that the comment the trial court *did* make demonstrates it would have sentenced Connor no differently even if it had the discretion to do so under amended section 654.

The People's argument ignores the court's *own* explanation as to why it structured Connor's sentence as it did. In imposing the longer sentence of 17 years on count 1 and staying the shorter term of 8 years on count 2, the court said:

> "In the [c]ourt's evaluation, Penal Code [section] 654 does apply because this conduct was identical to the enhancement for [Vehicle Code section 20001, subdivision (c)] that was imposed in [c]ount 1. That term, therefore, is stayed *as required by law* for Penal Code [s]ection 654. That would be a total of 8 years stayed under Penal Code [s]ection 654 as the upper term would be doubled. [¶] The imposition of the 5-year consecutive sentence under [Vehicle Code section 20001, subdivision (c)] results in a longer sentence than . . . imposition of a consecutive sentence for [section 20001, subdivision (b)], which would have to be one-third the midterm doubled or 2 years. The [c]ourt is imposing the enhancement and staying the term for [Vehicle Code section 20001, subdivision (b)] resulting in the longer sentence."

The court's sentencing decision was mandatory under former section 654. It had no discretion to choose the shorter term. So the court's comment that Connor "deserve[s] *this sentence*" (italics added), a sentence the court recognized was mandatory, does not clearly indicate it would have imposed the longer sentence even if it was aware of its new discretion under amended section 654.

9

The trial court's comment in this case is *not* "analogous" to the situation in *People v. McVey* (2018) 24 Cal.App.5th 405, as the People contend. There, the Court of Appeal concluded the record clearly indicated the trial court would not strike a firearm enhancement even if allowed to under amended section 12022.5, subdivision (c), because the court said: " '[T]his is as aggravated as personal use of a firearm gets,' and 'the high term of 10 years on the enhancement is the *only appropriate sentence* on the enhancement.' " (*McVey*, at p. 419, italics added.) We do not have such an unequivocal statement in this case.

Although the trial court's comments that Connor showed "extreme callousness towards human life" and "extreme[ ] selfish[ness]" and thus "deserve[s] this sentence" evince a lack of sympathy for Connor, it is not a clear indication that it would be an idle act to allow the trial court to consider its discretion under amended section 654. (See, e.g., *People v. Johnson* (2019) 32 Cal.App.5th 26, 69 [remand warranted even where trial court stated mandatory enhancement " 'appears to me to be entirely appropriate' "].) Remand is required "even when the reviewing court considers it *reasonably probable* that the sentence will not be modified on remand." (*McDaniels, supra*, 22 Cal.App.5th at p. 427, italics added.) Thus, as this court did in *Johnson*, "out of an abundance of caution, we remand this matter for resentencing to allow the [trial] court to consider" its discretion under the new law.[4] (*Johnson*, at p. 69.)

---

4      In his opening brief on appeal, Connor states the trial court also applied section 654 to "the firearm related offenses, staying sentences for the offenses carrying the shorter terms, and imposing the provision that had the longest term." The People respond that counts 4, 5, and 6 all carry the same triad of 16 months, two or three years; thus even under newly amended section 654, Connor would not have received a lighter prison sentence no

10

## II.

### *We Need Not Reach Connor's Other Contentions of Sentencing Error*

Senate Bill 567 amended subdivision (b) of section 1170 by making the middle term the presumptive term unless aggravating circumstances justifying a higher term have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury. (§ 1170, subd. (b)(1)–(3).) Senate Bill 567 applies retroactively to a nonfinal judgment on its effective date of January 1, 2022 under the *Estrada* rule. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 464–465.) Connor contends his upper-term sentence violates the new law and this matter should be remanded for the trial court to impose the middle term, or for a new sentencing proceeding under amended section 1170, subdivision (b).

Because we are remanding for a full resentencing, we do not need to address the merits of Connor's claims of sentencing error under Senate Bill 567. "[T]he full resentencing rule allows a [trial] court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.) A court conducting a full resentencing on all counts can "exercise its sentencing discretion in light of the changed circumstances." (*People v. Navarro* (2007) 40 Cal.4th 668, 681.) This necessarily entails application of any new legislation delimiting the court's sentencing discretion. (See *Jones*, *supra*, 79 Cal.App.5th at pp. 45–46 [concluding "the need to apply amended sections 1170, subdivision (b), and

---

matter which count the trial court selected to run consecutively. We agree, and Connor does not address this point in his reply brief. (See §§ 29800, subd. (a)(1) [count 4], 25400, subd. (a)(1) [count 5], 30305, subd. (a)(1) [count 6].)

11

654 creates sufficiently ' "changed circumstances" ' [citation] to warrant a full resentencing"].)

When it conducts its full resentencing, the trial court will be required to apply Assembly Bill 518 and Senate Bill 567, which will necessitate reconsidering which triad terms to impose and which terms to stay or execute. (See *Jones*, *supra*, 79 Cal.App.5th at p. 46.) And since resentencing on remand will occur after the effective date of January 1, 2022, Connor will be entitled to seek the benefit of the statutory amendments to section 1385 implemented by Senate Bill 81.

### III.

### *Custody Credit and Abstract of Judgment*

As both parties agree, we conclude Connor is entitled to an additional 29 days of conduct credit pursuant to section 2900.1, for time spent in custody between his original sentencing on June 21, 2021 and resentencing on July 20, 2021. (See §§ 2900.1, 2900.5, subd. (d); *People v. Buckhalter* (2001) 26 Cal.4th 20, 29 [when a defendant is resentenced, all actual time spent in custody, whether in jail or prison, should be credited against the modified sentence, and such credit should be reflected in the amended abstract of judgment].) On remand for full resentencing, the trial court is directed to recalculate Connor's custody credits after resentencing.

The People request we order the trial court to issue an amended abstract of judgment to conform to its oral pronouncement of judgment that Connor was sentenced to an additional six months to be served "in any penal institution" for the misdemeanor in count 9. Connor disagrees this was the court's oral pronouncement of judgment on count 9, and asserts the maximum sentence for a violation of Vehicle Code section 23152, subdivision (g), is six months in county jail. (Veh. Code, § 23536, subd. (a).)

12

We have reviewed the reporter's transcript of both sentencing hearings on June 21 and July 20, 2021 and the trial court did not state Connor may serve the six months on count 9 "in any penal institution." The clerk's minute order of the sentencing hearing on July 20, 2021, however, specifies the term on count 9 "may be served in any penal institution." The abstract of judgment also does not reflect the term of 6 months on count 9 at all. "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.] The abstract of judgment 'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.' " (*People v. Leon* (2020) 8 Cal.5th 831, 855.) On remand, the trial court may clarify its sentence on count 9 and execute an amended abstract judgment to so reflect.

## DISPOSITION

The sentence is vacated, and the matter is remanded for full resentencing with the following directions:

The trial court is directed to exercise its discretion under the current version of section 654, as amended by Assembly Bill 518. The trial court is further directed to resentence Connor consistent with current applicable sentencing laws, including section 1170, as amended by Senate Bill 567, and section 1385, as amended by Senate Bill 81. The People may elect to proceed by meeting the requirements of the amended version of section 1170, subdivision (b)(2), or alternatively, to have the court resentence Connor on the record as it stands.

The trial court is directed to recalculate Connor's actual custody credits as of the date of resentencing on remand. The court is also directed to correct the abstract of judgment to include the six-month term for count 9 in the

amended abstract of judgment. Following resentencing, the trial court shall forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

In all other respects, the judgment is affirmed.


DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DATO, J.

14